**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| | \* | |
| **D. W. GRIMSLEY, JR.,** | \* | |
| | \* | |
| **Plaintiff,** | \* | |
| | \* | |
| **vs.** | \* | |
| | \* | **Case No.: 1:15-cv-00235** |
| **TRANSUNION, LLC AND JP** | \* | |
| **MORGAN CHASE BANK, N.A.,** | \* | |
| | \* | |
| **Defendant,** | \* | |

---

## COMPLAINT

---

**COMES NOW**, D. W. Grimsley ("Plaintiff") by and through the undersigned attorney and states his complaint as follows:

### THE PARTIES

1.      Plaintiff is a natural person, a resident of this district, a citizen of the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the Fair Credit Reporting Act ("FCRA").

2.      JP Morgan Chase Bank, ("Chase") is a foreign corporation incorporated under the laws of New York and doing business in this district.

3.      Chase is a furnisher of information as defined in 15 U.S.C § 1681s-2 of the FCRA and/or a user of consumer credit reports.

4.      Transunion, LLC, ("Transunion") is a foreign limited liability company incorporated under the laws of Delaware.

5.      Transunion is a consumer reporting agency as defined in § 1681 of the FCRA.

## JURISDICTION

6.     This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

## FACTUAL ALLEGATIONS

7.     After the denial of credit, Plaintiff ordered his consumer report from Transunion and after examining the same, Plaintiff learned that Transunion and Chase were reporting false information about him.

8.     Adverse information contained in the credit report by Transunion was as follows:

**Chase:**        Account Closed Derogatory on February 3, 2012.

9.     Mr. Grimsley obtained his payment history from Chase, which indicated that he had never missed a payment and paid the account in full. Nevertheless, Chase continued to report that the account was "derogatory."

10.     Plaintiff advised Transunion and Chase numerous times of the inaccurate reporting the Chase account and requested a reinvestigation and correction of the same.

11.     After being advised and given evidence that reporting of the Chase account was incorrect both Transunion and Chase "verified" that the account was reported accurately on March 30, 2015.

12.     After the same or essentially the same information was sent to Experian and Equifax they stopped reporting the erroneous information.

13.     Both defendants herein failed to correct the erroneous reporting of the account.

## COUNT ONE

### *Failure to Comply with § 1681s-2(b)*
### *of the Fair Credit Reporting Act*

14.     This is a count against Chase for its failure to comply with § 1681s-2(b) of the FCRA.

15.     Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

16.     After receiving notice of the dispute from Plaintiff and Transunion, Chase:

   a.     Failed to conduct an adequate investigation with regard to the disputed information;

   b.     Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies; and

   c.     Failed to promptly investigate and report the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information and false complained of above and otherwise violated the FCRA.

   **WHEREFORE**, Plaintiff prays for actual damages, punitive damages, statutory damages, costs and attorney fees and such other relief as the Court deems proper.

## COUNT TWO

### *FCRA Violations by Trans Union*

17.     This is a count against Transunion for violations of the FCRA.

18.     Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

19.     Transunion failed and refused to adequately reinvestigate the disputed account of Plaintiff as required by the FCRA.

20.     After receipt if the information mentioned above, Transunion reported to Mr. Grimsley, on March 30, 2015, that his Chase account being reporting correctly.

21.     After the receipt of the same information that Plaintiff sent to Transunion, Transunion and Experian stopped reporting the erroneous and false information.

22.     Transunion, however, failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the plaintiff in violation of 15 U.S.C. § 1681e(b).

23.     Transunion failed and refused to send Chase all of the information regarding the disputed account that was supplied to it by the Plaintiff and his attorney in violation of 15 U.S.C. § 1681i(a)(2).

24.     Transunion failed and refused to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff that such information was erroneous in violation of 15 U.S.C. § 1681i.

25.     Transunion, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

26.     In addition to actual or compensatory damages for its negligent conduct, Defendant Transunion is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages and/or for willful violation(s) of the provisions of the FCRA or other applicable federal laws.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

DATED this the 6th day of May, 2015.

Respectfully Submitted,

*/s/ Earl P. Underwood, Jr.* _____
Earl P. Underwood, Jr.
**UNDERWOOD & RIEMER, PC**
Attorney for Plaintiff *D.W. Grimsley, Jr.*
21 S. Section Street
Fairhope, AL 36532
Main: 251.990.5558
Fax:   251.990.0626
E-Mail:  epunderwood@alalaw.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

*/s/ Earl P. Underwood, Jr.* _____
Earl P. Underwood, Jr.

**JP MORGAN CHASE BANK WILL BE SERVED BY CERTIFIED MAIN AS FOLLOWS:**

| Registered Agent Name | C T CORPORATION SYSTEM |
|---|---|
| Registered Office Street Address | 2 NORTH JACKSON ST., SUITE 605 MONTGOMERY, AL 36104 |

**TRANS UNION, LLC, WILL BE SERVED BY CERTIFIED MAIN AS FOLLOWS:**

| Registered Agent Name | PRENTICE-HALL CORPORATION SYSTEM INC |
|---|---|
| Registered Office Street Address | 150 S PERRY ST MONTGOMERY, AL 36104 |